# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

JASON KYLE SNELLEN                                                                              PLAINTIFF

v.                                                            CIVIL ACTION NO. 3:18-CV-P115-GNS

HEATHER KENNEDY                                                                          DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court for screening of *pro se* Plaintiff Jason Kyle Snellen's amended complaint (DN 8) pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, this action will be dismissed.

## I. SUMMARY OF AMENDED COMPLAINT

The Court conducted an initial review of Plaintiff's complaint by Memorandum Opinion and Order entered on April 18, 2018 (DN 7). In that review, the Court dismissed Plaintiff's official-capacity claim against Defendant Heather Kennedy but allowed Plaintiff the opportunity to file an amended complaint which indicated that he was suing Defendant Kennedy in her individual capacity and to include all allegations against her related to his claim that she had been deliberately indifferent to his serious medical need.[1]

In the amended complaint, Plaintiff writes:

> Claim of Medical Neglect . . . November 15th I dislocated my left knee. My knee cap was on the side of my leg. Around 2:00 a.m. November 16th the swelling on my knee got so bad I couldn't walk. While at medical, I was asked what happened and my vitals were taken. I was given ibuprofen, ice pack, and told they wanted to get my knee x-rayed. November 19th, [Defendant] Kennedy told me my x-rays said there is nothing wrong with my knee. She said my knee is just fine with no swelling, inflammation, brakes, or [bruising]. Officer Scott asked Heather 'what you do you mean, you can see in plain sight that his knee is

---

[1] In that Memorandum Opinion and Order, the Court also directed Plaintiff to identify any other Defendants he sought to name in this action and to explain how each newly named Defendant was or continues to be deliberately indifferent to his serious medical need. Plaintiff, however, did not name any new Defendant in the amended complaint.

swollen?" Before this happen, [Defendant] Kennedy told me during pill call on November 18th that [she] will not bring me my meds to me. I wasn't able to walk to door to get my meds. The other nurses would bring me my meds to me, but [Defendant Kennedy] got mad when I wasn't able to come to the door. December 9th I went to medical about my knee. While at medical . . . I was given another icepack. During pill call I tried to exchange my icepack and [Defendant] Kennedy told me no I can't get another icepack. But while I was at medical I was told to keep an icepack on my knee and if I need another icepack just exchange the one I have.

Plaintiff then writes:

Sum everything up, [Defendant Kennedy] first refused to give me my medication because I wasn't able to walk to the door.[2] Second, [she] lied saying that there was nothing wrong with my knee. And third she refused to exchange my icepack for [me]. She believes I am faking my injury and that there wasn't anything wrong with me knee. She said this herself.

As relief, Plaintiff seeks damages.

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[2] In his complaint, Plaintiff clarifies that Defendant Kennedy actually brought his medication to him but that she was "upset" about having to do so and told him that she "wasn't going to keep doing this" (DN 1, p. 5).

2

alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v.*

3

*Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Eighth Amendment provides an inmate the right to be free from cruel and unusual punishment. The Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees. *See Richko v. Wayne Cty.*, 819 F.3d 907, 915 (6th Cir. 2016). The Sixth Circuit has historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims "under the same rubric." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013).[3] "[A] prisoner's Eighth Amendment right is violated when prison doctors or officials are deliberately indifferent to the prisoner's serious medical needs." *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A claim for deliberate indifference "has both objective and subjective components." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). The Sixth Circuit has explained:

> The objective component mandates a sufficiently serious medical need. [*Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004).] The

---

[3] The Sixth Circuit recently observed that the standard which governs pretrial detainee Fourteenth Amendment claims may be shifting. In a footnote in *Richmond v. Huq*, the court cited the Supreme Court's decision in *Kingsley v. Hendrickson*, 135 S.Ct. 2466 (2015), which held that a pretrial detainee's Fourteenth Amendment excessive force claim need only meet a lesser "objectively unreasonable" standard under the Fourteenth Amendment. 885 F.3d 928, 838 n.3 (6th Cir. 2018). The *Huq* court stated that *Kingsley* "calls into serious doubt whether [a plaintiff] need even show that the individual-defendant officials were subjectively aware of [the plaintiff's] serious medical condition and nonetheless wantonly disregarded them." *Id*. However, the *Huq* Court also noted that it could find no circuit that had yet applied *Kingsley* specifically to a claim of deliberate indifference to a detainee's serious medical needs. *Id*. Thus, for purposes of this initial review, the Court will continue to follow Sixth Circuit precedent and apply the subjective standard to Plaintiff's claim. *See, e.g.*, *Brandt v. Raphael*, No. 9:13-cv-00533 (FJS/DJS), 2016 U.S. Dist. LEXIS 40451, at *23 n.7 (N.D.N.Y. Mar. 25, 2016) ("As the decision in *Kingsley* deals only with excessive-force claims, this Court continues to apply Second Circuit precedent setting forth a subjective standard for cases involving allegations of deliberate indifferent to a pretrial detainee's serious medical needs, which is identical to the standard utilized in similar Fourteenth Amendment cases.").

> subjective component regards prison officials' state of mind. *Id*. Deliberate indifference "entails something more than mere negligence, but can be satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id*. at 895-96 (internal quotation marks and citations omitted). The prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 896 (internal quotation marks and citation omitted).

*Barnett v. Luttrell*, 414 F. App'x 784, 787-88 (6th Cir. 2011). Where the risk of serious harm is obvious, "it can be inferred that the defendants had knowledge of the risk." *Hendricks v. DesMarais*, No. 13-cv-4106, 2015 U.S. App. LEXIS 9756, at *13 (6th Cir. Mar. 18, 2015).

The Sixth Circuit has also noted that in the context of deliberate indifference claims:

> [W]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment. Where a prisoner alleges only that the medical care he received was inadequate, federal courts are generally reluctant to second guess medical judgments. However, it is possible for medical treatment to be so woefully inadequate as to amount to no treatment at all.

*Alspaugh*, 643 F.3d at 169 (internal quotations and citations omitted). Along similar lines, "[o]rdinary medical malpractice does not satisfy the subjective component." *Grose v. Corr. Med. Servs, Inc.*, 400 F. App'x 986, 988 (6th Cir. 2010). Rather, the Sixth Circuit has found the subjective component to be satisfied where defendants recklessly disregard a substantial risk to a plaintiff's health. *See Hendricks*, 2015 U.S. App. LEXIS 9756, at *13. Furthermore, "a difference of opinion between [a prisoner] and the prison health care providers and a dispute over the adequacy of [a prisoner's] treatment . . . does not amount to an Eighth Amendment claim." *Apanovitch v. Wilkinson*, 32 F. App'x 704, 707 (6th Cir. 2002).

Plaintiff must satisfy both the objective and subjective components to adequately state a claim for deliberate indifference. For purposes of this initial review, the Court will presume that Plaintiff's knee injury is "sufficiently serious" to satisfy the objective component. However,

Plaintiff's allegations do not establish the subjective component of a deliberate indifference claim against Defendant Kennedy.  Plaintiff alleges that Defendant Kennedy became upset when she had to walk to provide Plaintiff his medication in his cell, downplayed the seriousness of Plaintiff's injury to him, and refused to provide Plaintiff a fresh icepack on one occasion.  The Court cannot conclude that Defendant Kennedy was aware that her actions could place Plaintiff at substantial risk for serious harm, especially since Plaintiff's allegations make clear that he was receiving treatment for his knee injury in the form of x-rays, medication, and icepacks.  Thus, the Court will dismiss Plaintiff's claim against Defendant Kennedy for failure to state a claim upon which relief may be granted.

Moreover, to the extent that Plaintiff sues Defendant Kennedy for medical malpractice and/or negligence, these are state-law claims.  Under 28 U.S.C. § 1367(c)(3), "the district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."  Having determined that the federal claims, which provide the jurisdictional basis of this suit, should be dismissed, this Court declines to exercise supplemental jurisdiction over any remaining state-law claims.  *See* 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).  The state-law claims will therefore be dismissed without prejudice.

### IV. CONCLUSION

The Court will enter an Order of dismissal consistent with this Memorandum Opinion.

Date: May 23, 2018

**Greg N. Stivers, Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
        Defendant Kennedy
        Hardin County Attorney
4416.011